McClelland *v.* Pittsburgh et al.

Argued January 16, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles F. C. Arensberg* and *Ella Graubart*, with them *Patterson, Crawford, Arensberg & Dunn,* for plaintiff.

*Anne X. Alpern*, City Solicitor, with her *J. Frank McKenna, Jr.*, Assistant City Solicitor, for City of Pittsburgh, defendant.

*Elder W. Marshall*, with him *James H. Beal, Frank W. Ittel* and *Reed, Smith, Shaw & McClay*, for intervenors.

*W. Denning Stewart* and *Rose, Eichenauer, Stewart & Rose*, for Colonial Trust Company, Guardian, etc., intervenor.

*Park J. Alexander*, for Fidelity Trust Company, Trustee, etc., intervenor.

*Patterson, Crawford, Arensberg & Dunn*, for Peoples First National Bank & Trust Company, Executor, etc., intervenor.

*Howard Zacharias*, for Potter Title & Trust Company, Trustee, etc., intervenor.

*T. McKeen Chidsey*, Attorney General, and *H. F. Stambaugh*, Deputy Attorney General, for Commonwealth, intervenor.

Per Curiam, January 19, 1948:

Bill dismissed. Opinion will be filed later.

Opinion by Mr. Justice Allen M. Stearne, March 22, 1948:

In this case, of which we took original jurisdiction, the question is whether an ordinance of the City of Pittsburgh which imposes a tax on designated personal property is in violation of the prohibition in the Act of June 25, 1947, P. L. 1145.

Section 1 provides:

"The duly constituted authorities of cities of the second class, cities of the second class A, cities of the third class, boroughs, towns, townships of the first class, school districts of the second class, school districts of the third class and school districts of the fourth class shall have the authority, by ordinance or resolution, for general revenue purposes, to levy, assess and collect or provide for the levying, assessment and collection of such taxes on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivision, as it shall determine, *except that such local authorities shall not have authority by virtue of this act to levy, assess and collect or provide for the levying, assessment and collection of any tax on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a state tax or license fee*; nor have authority to levy, assess or collect a tax on the gross receipts from utility service of any person or company whose rates and services are fixed and regulated by the Pennsylvania Public Utility Commission; nor have authority, except on sales of admission to places of amusement or on sales or other transfers of title or possession of property, to levy, assess or collect a tax on the privilege of employing such tangible property as is now or does hereafter become subject to a state tax. If, subsequent to the passage of any ordinance or resolution under the authority of this act, the General Assembly shall impose a tax or license fee on any privilege, transaction, subject or occupation, or on personal property or on sales of admission to places of amusement or on sales or other transfers of title or possession of property taxed by any such political subdivision hereunder, the act of assembly imposing the state tax thereon shall automatically vacate the ordinance or resolution passed under the authority of this act as to all taxes accruing subsequent to the end of the current fiscal year of such political subdivision. *It is the intention of this section*

*to confer upon such political subdivision the power to levy, assess and collect taxes upon any and all subjects of taxation which the Commonwealth has power to tax but which it does not now tax or license,* subject only to the foregoing provision that any tax upon a subject which the Commonwealth does hereafter tax or license, shall automatically terminate at the end of the current fiscal year of the political subdivision" (emphasis supplied).

Plaintiff maintains that the City of Pittsburgh is precluded from imposing the personal property tax here in question because the state has already preëmpted this tax field (a) by the Personal Property Tax Act of June 17, 1913, P. L. 507, 72 PS, 4821, as amended, for the benefit of the county and (b) by the enactment of Act of June 20, 1947, P. L. 733, which authorizes a personal property tax for the benefit of school districts of the first class (which includes the school district of the City of Pittsburgh). It is contended that these taxes are *state taxes* even though the revenue derived therefrom is authorized and applied for local purposes. *Elliot v. Philadelphia,* 229 Pa. 215, 78 A. 107, is cited in support of the contention. Many other cases are cited where such taxes have been referred to as state taxes: *Provident Life & Trust Co. v. Klemmer et al.,* 257 Pa. 91, 101 A. 351; *Garr et al. v. Fuls et al.,* 286 Pa. 137, 133 A. 150; *Curtis' Estate,* 335 Pa. 414, 6 A. 2d 843; *Fidelity-Philadelphia Trust Company's Appeal,* 337 Pa. 34, 10 A. 2d 547; *Hartness v. Allegheny County,* 349 Pa. 248, 37 A. 2d 18; *Philadelphia Company for Guaranteeing Mortgages v. Guaranty Realty Company,* 78 Pa. Superior Ct. 258, but they were not state taxes *in the sense intended* by the legislature in Act No. 481.

The City of Pittsburgh, a city of the second class, by ordinance No. 486, approved November 29, 1947, imposed a personal property tax at the rate of two mills for the year 1948 and annually thereafter ". . . on the value of all personal property of the classes taxed by

the *County* of Allegheny pursuant to the Act of June 17, 1913, [supra], as amended, and enumerated in Section 1 of said Act . . ." which tax by the terms of the Act, was imposed *for the benefit of the county* and disbursed solely for local county purposes. By the Act of June 22, 1935, P. L. 414, as amended, 72 PS, 3242, in order *to augment its own revenues,* the Commonwealth had levied a personal property tax on the same subjects as were taxable for *county purposes under the Act of 1913,* supra. The tax, by section 21 of the Act, had been specifically imposed *for state purposes.* The proceeds were collected by the state, deposited in the state treasury, and disbursed by the state. The county personal property tax, employed for *local county purposes* so imposed by the Act of 1913, supra, and its supplements, was collected during the same period that the state tax was being collected. By amendment to the Act of 1935, being the Act of July 11, 1941, P. L. 361, 72 PS, 3242, the *state personal property tax collection* ceased on December 31, 1943, and such statutory provision has not since been reënacted.

The Act of 1947 (No. 319) supra, authorized School Districts of the First Class (which includes the School District of the City of Pittsburgh) to impose a tax on certain personal property of not less than one nor more than four mills for public school purposes in such districts. In pursuance of this Act the School District, by resolution, imposed a personal property tax of four mills.

It is claimed that those two acts: Acts of 1913 and No. 319 of 1947, are *state tax acts* and hence prevent the imposition of the personal property tax by the City of Pittsburgh under its 1947 ordinance.

The validity of the taxing ordinance does not depend upon whether the tax is regarded in a legal sense as a state or local tax. All taxes in Pennsylvania levied by municipal and quasi-municipal corporations must, of course, be authorized by the legislature. *In that sense,* therefore, all may be considered state taxes. But as was

said in *Philadelphia v. Samuels*, 338 Pa. 321, 324, 12 A. 2d 79, words in taxing statutes may be and are used in different senses. The object of interpretation and construction is to ascertain and effectuate the intention of the legislature. For this purpose the occasion and necessity for the law, and the object to be attained, must be considered: Statutory Construction Act, May 28, 1937, P. L. 1019, 46 PS, 501 et seq.

Chief Justice MAXEY, in *Commonwealth v. Central Realty Company et al.*, 338 Pa. 172, 180, 12 A. 2d 312, said: "As we stated in Com. v. Lowe Coal Co., 296 Pa. 359, 145 A. 916: 'State taxes stand on a different basis from local levies; the former are essential to the very "preservation" of the State itself (Schoyer v. Comet O. & F. Co., 284 Pa. 189, 193 [130 A. 413]) while the latter are authorized or permitted by the State, not for its actual preservation, but merely to maintain the machinery of local government. . . .' "

The intention of the legislature was clearly expressed in the Act: "It is the intention [of the Legislature] to confer upon such political subdivision the power to levy, assess and collect taxes upon any and all subjects of taxation *which the Commonwealth has power to tax* but which it does not now tax or license . . ." (Emphasis supplied). These words manifestly refer—not to a technical distinction between a *state* and a *local* tax,—*but to those taxes which are imposed by the state for general state purposes* and disbursed through the state treasury. They disclose a clear intention to confer upon local authorities the power to levy, assess and collect, within the designated limits, taxes which are to be applied for *local purposes*, withholding, however, such power where the state already, or thereafter, taxes for *general state purposes.*

For the foregoing reasons, we entered our order of January 19, 1948, pursuant to which this opinion is now filed. Each party to pay its own costs.