## Ford Collieries Company Appeal

*Harold R. Schmidt, Roy Thomas Clark* and *Rose, Eichenauer, Stewart & Rose*, for appellants.

*Max O. Siegel* and *Bernard Kaplan*, for school district.

MCNAUGHER, J., May 28, 1948.—On February 20, 1948, the School District of the Township of West Deer, Allegheny County, adopted a resolution levying and imposing "a tax for general school purposes, upon the privilege, transaction or occupation of mining and/or severing of coal from the ground in West Deer Township, by stripping, deep shaft mining, or any other method, at the rate of five ($.05) cents per ton for each net ton of two thousand (2,000) pounds of coal so mined and/or severed from and within said Township by all persons, co-partnerships, associations, and corporations", grounding its authority for the resolution upon the Act of June 25, 1947, P. L. 1145. The pertinent provisions of that act are the following:

"Section 1. The duly constituted authorities of cities of the second class, cities of the second class A, cities of the third class, boroughs, towns, townships of the first class, school districts of the second class, school districts of the third class, and school districts of the fourth class shall have the authority, by ordinance or resolution, for general revenue purposes, to levy, assess and collect or provide for the levying, assessment and collection of such taxes on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivision, as it shall determine, except that such local authorities shall not have authority by virtue of this act to levy, assess and collect or provide for the levying, assessment and collection of any tax on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a state tax or license fee; nor have authority . . . except on sales of admission to places of amusement or on sales or other transfers of title or possession of property, to levy, assess or collect a tax on the privilege of employing such tangible property as is now or does hereafter become subject to a State tax. . . . It is the intention of this section to confer upon such political subdivision the power to levy, assess and collect taxes upon any and all subjects of taxation which the Commonwealth has power to tax but which it does not now tax or license, subject only to the foregoing provision that any tax upon a subject which the Commonwealth does hereafter tax or license shall automatically terminate at the end of the current fiscal year of the political subdivision."

On March 19, 1948, the Ford Collieries Company, a Pennsylvania corporation, and the Republic Steel Corporation, a New Jersey corporation, as taxpayers of the school district, brought a joint appeal to this court under the provisions of section 3 of the act, averring "that the aforesaid resolution of the School District of

West Deer Township is unconstitutional, unlawful, and void for the following reasons:

"(a) The resolution adopted and passed by the aforesaid School Directors of West Deer Township violates section 1 of the aforesaid Act No. 481 in that it levies a tax upon certain property of appellant, Ford Collieries Company, which is now taxed by the Commonwealth of Pennsylvania pursuant to the Capital Stock Tax Act of 1889, P. L. 420, as last amended by Act No. 97 of 1947, 72 PS §1871-1902.

"(b) The resolution adopted and passed by the aforesaid School Directors of West Deer Township violates section 1 of the aforesaid Act No. 481 in that it levies a tax upon certain property of appellant, Republic Steel Corporation, which is now taxed by the Commonwealth of Pennsylvania pursuant to the Franchise Tax Act of 1889, P. L. 420, as last amended by Act No. 97 of 1947, 72 PS §1871-1902, which tax is sufficiently equivalent to a property tax to bring Republic Steel Corporation's coal within the meaning of the exception stated in section 1 of Act No. 481.

"(c) The resolution adopted by the aforesaid school district violates section 1 of the aforesaid Act No. 481 in that it levies a tax upon the privilege of employing tangible property which is now taxed by the Commonwealth of Pennsylvania pursuant to the Corporate Net Income Tax Act of 1935, P. L. 208, as amended and reënacted in Act No. 99 of 1947.

"(d) The resolution adopted by said school district being invalid as to the property of, or the privilege of employing tangible property by corporations, is an unjust, unlawful and discriminatory tax if imposed alone against property of partnerships, associations and individuals.

"(e) The resolution adopted by the aforesaid school district violates section 1 of the aforesaid Act No. 481 in that it levies a tax upon certain property of appellants which is already subject to a property tax im-

posed by the Commonwealth through its political sub-divisions: Allegheny County, West Deer Township and the School District of West Deer Township.

"(f) The resolution violates section 1, art. IX, of the Constitution of Pennsylvania in that it is not a "general law" yet purports to provide for the levy and collection of taxes, the appointment of tax collectors and the establishment of administrative machinery ancillary thereto in violation of the requirement that all taxes shall be levied and collected under general laws.

"(g) Said tax or attempted tax is illegal and void for the reason that the amount of revenue that will be derived from said taxation by West Deer Township School District is greatly in excess of that permitted by the act of assembly under which it is attempting to assess said tax.

"(h) The resolution adopted violates article IX, sec. 1, of the Constitution of Pennsylvania, and section 1 of the fourteenth amendment of the Constitution of the United States in that it levies a tax on coal without regard to the value of the property taxed."

As we understand it, appellants, in urging the invalidity of the resolution, largely rely upon the contention that the tax thereby levied relates to a subject upon which a State tax or license fee has already been imposed, either through the capital stock tax, the corporate net income tax, or the foreign corporation franchise tax, and that therefore it conflicts with the provision of the Act of 1947 that, "such local authorities shall not have authority by virtue of this act to levy, assess and. collect or provide for the levying, assessment and collection of any tax on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee".

We hold first of all that the tax imposed by the school district resolution is not a property tax upon

the coal to be mined but an excise tax "upon the privilege, transaction, or occupation of mining and/or severing of the coal from the ground . . .". That is to say, it is a tax on the transaction or business of mining coal and not a tax upon the coal itself. The very language employed would indicate that. The provision that the tax shall be determined "at the rate of five cents ($.05) per ton for each net ton of two thousand (2,000) pounds of coal so mined and/or severed . . ." does not affect the character of the tax. In Kittanning Coal Co. v. Commonwealth, 79 Pa. 100, it was held, under the provisions of another statute, that though the tax there provided for was to be measured by the extent of the business, that is, by the number of tons of coal mined, etc., it was not a tax upon the coal itself but one upon the corporate franchise. In Commonwealth v. Columbia Gas and Electric Corp., 336 Pa. 209, at page 218, the court said:

"Where a tax is imposed directly on specific property it is a property tax. The incidence of a franchise or privilege tax is upon a franchise or privilege and not upon property or capital. . . ." And at page 219 it went on to say: "The determination of the value of the franchise . . . may bring into consideration property situated within the Commonwealth, and give to it a functional value as part of an organic unit. But the incidence of the tax is fixed upon the value of the franchise; not upon the property itself."

It is well settled in this State that the capital stock tax and the corporate net income tax are property taxes and that payment of a property tax to the Commonwealth does not exempt the taxpayer from payment of an excise or privilege tax to a municipality. In Philadelphia v. Samuels, 338 Pa. 321, involving the Sterling Act of 1932 (53 PS §4613), which contained certain provisions similar to Act No. 481 of 1947, it was stated (p. 325):

"As the Sley System Garages is a corporation and challenges the ordinance on the ground that the corporation pays certain State taxes and therefore cannot be taxed by the city, we begin with the state of the law when the legislature passed the enabling act. The Capital Stock tax was then familiar, and we think it must have been generally understood that the corporation's liability to a capital stock tax would not prevent the city from taxing corporate transactions merely because the gains or losses from such transactions would be reflected in the value of the capital stock. The stock tax is a tax on property; the tax imposed by the ordinance is an excise tax." And further, at page 326: "This court is committed to the view that the Corporate Net Income tax is a property tax."

See also Blauner's, Inc., et al. v. Philadelphia, 330 Pa. 342, and Federal Drug Co. v. Pittsburgh et al., and May Department Stores et al. v. Pittsburgh, 358 Pa. 455, 57 A.(2d) 849 (March 22, 1948).

Nor does payment of the foreign corporation franchise tax interfere with the levying of the excise tax by the school district. In the Federal Drug Company and May Department Stores cases, supra, in which the City of Pittsburgh mercantile tax was involved under Act No. 481 of 1947, it was held that the ordinance and the foreign corporation franchise tax were not in conflict with each other. The court used this language (p. 457):

"It is urged that this tax is an excise tax—upon a franchise or privilege of doing business within the State and is not upon property or capital. The contention is made that the city ordinance is therefore within the prohibition of Act No. 481, supra.

"The answer to this contention is twofold. The Act of 1935, supra, is a tax for the privilege of a foreign corporation coming into the State of Pennsylvania for the purpose of conducting its business in corporate form. The city ordinance, under attack, is a tax for

the privilege of doing business within the city with respect to any individual, partnership or corporation. It is not a tax limited to foreign corporate associations. In the second place, while in each case the object of the tax is to license for the purpose of doing business, the tax actually imposed by the Foreign Corporate Franchise Tax is measured by the value of the property of the foreign corporation within the State. In the Pittsburgh ordinances the tax is on the gross volume of business conducted by the taxpayer. The respective impacts of the two taxes are on a totally different basis."

So with the school district tax, the impact is "on a totally different basis", being on the privilege, transaction, or occupation of mining or severing coal, and the tax is not "measured by the value of the property of the foreign corporation within the State"; and "it is not a tax limited to foreign corporate associations" but is imposed upon "all persons, co-partnerships, associations, and corporations".

It is contended that the resolution of the school district violates section 1 of Act No. 481 in that it levies a tax upon certain property of appellants which is already subject to a property tax imposed by the Commonwealth through its political subdivisions, viz., Allegheny County, West Deer Township, and the School District of West Deer Township. Even if, contrary to our view, the tax now in question were a property tax, the reason here assigned would have no validity. Local taxes imposed under the authority of the legislature are not to be treated as State taxes: McClelland v. City of Pittsburgh, 358 Pa. 448, 57 A.(2d) 846.

The remaining reasons assigned in support of the position that the resolution is unconstitutional, unlawful, and void, are, we think, fully answered by the decision in the recent case of English et al. v. Robinson Township School District et al., 358 Pa. 45. There it is explicitly ruled that Act No. 481 does not violate sec-

tion 1 of article IX of the Constitution of Pennsylvania nor section 1 of the fourteenth amendment of the Federal Constitution.

We have given consideration to all points raised and find them to be without merit. The appeal will therefore be dismissed at the cost of appellants.