## York School District Appeal.

280

Argued April 9, 1951. Before Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

*John Y. Scott*, with him *K. F. Ralph Rochow*, for appellant.

*Ralph F. Fisher*, with him *Carl R. Mays*, and *Fisher & Mays*, for appellees.

Opinion by Mr. Justice Horace Stern, May 21, 1951:

The question here concerns the validity of a resolution of May 16, 1950 of the Board of School Directors of the School District of the City of York levying and asses-

sing a tax upon employers at the rate of $5.00 for every person employed by them within the School District during the year 1950. This tax was imposed in pursuance of alleged authority granted to school districts of the second class by the Act of June 25, 1947, P. L. 1145. That Act, however, contains a provision that "such local authorities shall not have authority by virtue of this act to levy, assess and collect . . . any tax on a privilege, transaction, subject, occupation or personal property which is now or does hereafter become subject to a State tax or license fee." The present problem therefore is to determine whether this tax of the School District is levied upon a privilege or subject upon which a State tax is now imposed. The court below, in a learned and comprehensive opinion, held that it *was* so levied, and accordingly declared it invalid and void.

The School District tax is upon the privilege or subject of employing. The enforced payments prescribed by the Unemployment Compensation Law of December 5, 1936, 2d Special Session of 1936, P.L. 2897, which provides for the payment of so-called contributions by employers into an Unemployment Compensation Fund, are likewise taxes upon the right to employ: *Carmichael v. Southern Coal & Coke Co.*, 301 U. S. 495, 508; *Steward Machine Co. v. Davis, Collector of Internal Revenue*, 301 U. S. 548, 583; *Fidelity-Philadelphia Trust Co. v. Hines, Secretary of Labor & Industry*, 337 Pa. 48, 51, 10 A. 2d 553, 555; *Department of Labor & Industry v. New Enterprise Rural Electric Cooperative, Inc.*, 352 Pa. 413, 415, 416, 43 A. 2d 90, 91, 92; *Commonwealth v. Sun Ray Drug Co.*, 360 Pa. 230, 233, 234, 61 A. 2d 350, 351, 352. The subject of the tax, therefore, imposed by the Unemployment Compensation Law and the subject of the tax imposed by the Resolution of the York School District are identical, so that the School District tax, so far from being authorized, is, on the contrary, expressly prohibited, by the 1947 Act.

It is argued by the School District that the Unemployment Compensation Law is not the kind of "State tax" to which the 1947 Act refers, and, as buttressing that contention, it relies upon the decision in *McClelland v. Pittsburgh,* 358 Pa. 448, 57 A. 2d 846, where it was held that the taxes imposed under the Personal Property Tax Act of June 17, 1913, P. L. 507, which levied a personal property tax for the benefit of the counties, and the taxes imposed in pursuance of the Act of June 20, 1947, P. L. 733, which authorized a personal property tax for the benefit of first class school districts, were not "State taxes" such as to prevent the City of Pittsburgh from imposing a tax on personal property which was also subject to taxation under those two acts. The basis of that decision was that the term "State tax", as used in the provision of the Act of June 25, 1947, P. L. 1145 previously quoted, was intended to mean a tax imposed by the State *for State purposes* and not taxes imposed only *for local purposes.* That case, therefore, has no application to the present question since the taxes imposed by the Unemployment Compensation Law are not for local but wholly for State purposes. In section 3 of the Law it is stated that "Economic insecurity due to unemployment is a serious menace to the health, morals and welfare *of the people of the Commonwealth.* . . . The Legislature, therefore, declares that in its considered judgment the public good and the general welfare *of the citizens of this Commonwealth* require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own." It is perfectly clear, therefore, that the contributions exacted from employers are taxes imposed *for State purposes,* that is to say, for the benefit of *all the citizens of the Commonwealth* who may become entitled thereto. It is true

that they are first deposited in an Unemployment Compensation Fund of which the State Treasurer is the custodian, and from it paid into the Unemployment Trust Fund in the treasury of the United States; such deposits may be made either directly with the Secretary of the Treasury or with any Federal Reserve bank or member bank of the Federal Reserve System designated by him; the moneys, held meanwhile strictly in trust, are requisitioned back to the Unemployment Compensation Fund of the State as often as may be necessary to provide the funds required for the payments of compensation. All this means merely that the contributions are deposited by the State, temporarily until needed, under federal custodianship as prescribed by the Federal Social Security Act, 49 Stat. 640, as amended, 42 U.S.C.A. 1103, 1104, and the Federal Unemployment Tax Act, 53 Stat. 185, 187, as amended, 26 U.S.C.A. 1603, 1607, instead of being retained in the treasury of the Commonwealth, but that arrangement, with its consequent scheme of bookkeeping, does not in the slightest detract from the fundamental fact that the employers' contributions are taxes imposed by the law of the State of Pennsylvania and *for State purposes*. Nor is it of any legal significance that they cannot be diverted to any purpose other than that of unemployment compensation; such a restriction against the use of a particular tax for general budgetary purposes is not uncommon; a similar limitation exists, for example, in the case of gasoline taxes and operators' license fees (Art. IX, section 18 of the Constitution, amendment of November 6, 1945).

It was said in *Murray v. Philadelphia,* 364 Pa. 157, 165, 71 A. 2d 280, 284, that "In determining whether double taxation results, whether the city tax conflicts with that imposed by the state, the practical operation of the two taxes is controlling as against mere difference in terminology from time to time employed in

describing taxes in various cases." In the present instance there can be no doubt, from a practical standpoint, that the tax levied by the York School District, in view of the "contributions" exacted by the Unemployment Compensation Law, results in double taxation; therefore it is prohibited by the Act of 1947.

Decree affirmed, costs to be paid by appellant.