Pittsburgh Petition.

Argued November 12, 1953.  Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Alvin J. Porsche,* Assistant Solicitor, with him *Harry C. Beschel,* City & School Tax Lien Solicitor, and *Joseph M. Tague,* for appellant.

*Morley W. Baker,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, and *H. G. Florin,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, March 22, 1954:

City of Pittsburgh appeals from an order denying it the right to sell certain property free of the Commonwealth's liens for unemployment compensation contributions unpaid by the former owner.

In 1950, under authority of the Act of July 5, 1947, P. L. 1258, 53 PS §10201.1 et seq., the City Treasurer sold for unpaid taxes and the City purchased the property of one Hinnau. The period of redemption having passed, the City agreed to sell the property to one Volpe, and under the provisions of the Act petitioned the court to confirm the sale free of all claims against it. The Commonwealth has of record several liens against Hinnau for unpaid unemployment compensation contributions approximating $4,000 and asserts priority and continuation of lien.

The question raised is whether either the treasurer's sale or the Act of 1947 divests the Commonwealth's liens.

Pertinent provisions of the Act of 1947 are: "In case of resale of such lands, which have been purchased by the city under this act, . . . it may appear that there are . . . rights . . . or claims against such lands, which have not been divested by the tax sale, . . . the city may present its petition . . . to the court of common pleas . . . setting forth, (1) the location . . ., (2) the name or names of the former owner or owners, . . . or any other person or persons . . . [having] any . . . claim against such land, . . . (4) that the period of redemption has expired and the city . . . has agreed to sell said land, . . . Thereupon a rule shall be granted upon

the persons named in the petition, . . . who have . . . any . . . claim against said land, to appear . . . and show cause why the title . . . should not be adjudicated and decreed valid and indefeasible as against all . . . persons having any . . . claim against said lands whatsoever, and . . . why the sale of the said land by the city . . . should not be made free and clear of their . . . claims . . . If any person shall appear and make answer . . . [setting] up any claim . . . against said land adverse to the title of the city . . . the court shall order and decree that such person or persons shall commence proceedings within thirty days . . . as may be necessary to establish his claim, and failing therein . . ., the court shall . . . direct a conveyance of the land . . . If any person or persons appear at any stage of the proceedings who may appear to the court to have any interest whatsoever in the land and pay all taxes, [etc.] . . . the court may direct a conveyance to said person . . ."

The City contends that under the provisions of the Unemployment Compensation Law the Legislature did not intend contributions to have the status of taxes having priority over other claims under the provisions of The Fiscal Code, April 9, 1929, P. L. 343, 72 PS §1401, which states that "whenever the . . . property of a . . . person shall be sold at a judicial sale, all taxes, interest, bonus, penalties and public accounts due the Commonwealth shall first be allowed and paid out of the proceeds of such sale before any judgment, mortgage or any other claim or lien against such . . . person." It further contends that the provisions of the Act under which the tax sale was had provide for divestiture of the Commonwealth's claims as against local taxes. This latter is on the theory that the purpose of the statute is to liquidate "tax sick" properties; that the Commonwealth must proceed to establish its claim,

450

and failing to do so, the court must direct a conveyance under the provisions set forth herein.

There can be no doubt that the sale by the treasurer was a judicial sale. The Act of 1947 provides for report and return of sale to, and confirmation by, the common pleas court. It also provides that the deed be acknowledged in the court of common pleas, and that the acknowledgment be entered and recorded by the prothonotary.[1] "The law requiring a treasurer's sale to receive the approbation of the court before it shall be binding or valid to pass the title, in effect makes the sale the act of the court; hence the propriety of denominating such a sale a 'judicial sale.' ": *City of Uniontown v. McGibbons*, 115 Pa. Superior Ct. 132, 141, 174 A. 912. See also *Lee v. Newland*, 164 Pa. 360, 30 A. 258.

That unemployment compensation contributions are taxes cannot be questioned. "The enforced payments prescribed by the Unemployment Compensation Law . . ., which provides for the payment of so-called contributions by employers into an Unemployment Compensation Fund, are . . . taxes upon the right to employ": *York School District Appeal*, 367 Pa. 279, 281, 80 A. 2d 803. See also *Fidelity-Philadelphia Trust Co. v. Hines*, 337 Pa. 48, 10 A. 2d 553. The Unemployment Compensation Law also provides that upon judicial sale of an employer's property all contributions entered of record "shall first be allowed and paid out of the proceeds of such sale in the same manner and to the same extent that State taxes are paid" except as to "pre-existing duly recorded real estate mortgages." It takes no magic to establish that these contributions are taxes, and thus were not divested by the treasurer's sale.

---

[1] Sections 5 and 7, 53 PS §§10201.5 and 10201.7.

Nor do the quoted provisions of the Act of 1947 provide for such divestiture. It may be true, as contended by the City, that the "very purpose of this statute is to liquidate 'tax sick' properties and again place them on the tax rolls." However, that purpose is not at all determinative of the problem presented here. "Generally speaking, a judicial sale of real estate divests all prior and subsequent liens on the property sold, unless preserved by statute or are by nature incapable of discharge . . . *However liens in favor of the Commonwealth are only divested to the extent permitted by statute: Commonwealth v. Lowe Coal Co.,* 296 Pa. 359, 145 A. 916. This is because of the inherent right of the sovereign to have priority of payment of its obligation": *Commonwealth v. Udziewicz,* 353 Pa. 543, 545, 46 A. 2d 231. (Italics supplied). Nowhere in the Act of 1947 does anything appear providing for divestiture of these liens, and it will not be presumed to deprive the Commonwealth of the same unless the intention to do so is clearly manifest, either by express terms or necessary implication: *Culver v. Commonwealth,* 348 Pa. 472, 35 A. 2d 64. See also *Commonwealth v. Udziewicz,* 353 Pa. 543, 46 A. 2d 231; *Pittsburgh Public Parking Authority Petition,* 366 Pa. 10, 76 A. 2d 620. The Act does not specifically refer to the Commonwealth nor does it indicate any intendment by the legislature to deprive the Commonwealth of its claims for the taxes. "When the legislature has such an intention it will clearly express it in a statute. It is not for us to deprive the State of any part of its sovereignty": *Culver v. Commonwealth,* 348 Pa. 472, 475, 35 A. 2d 64. See also *Hoffman v. Pittsburgh,* 365 Pa. 386, 398, 75 A. 2d 649.

As said by the court below, the only way in which the City's contention could be upheld would be to interpret the words "person or persons" to include the

Commonwealth. However, as it further stated, "Under the Statutory Construction Act of 1937, P. L. 1019 [46 PS §601], the word 'person' is defined as including a corporation, partnership and association, as well as a natural person. Therefore, in this case, the term 'person' is to be taken as denoting a natural person or an association of natural persons and not the Commonwealth . . . In Jones v. Tatham, 20 Pa. 398, the Court says: . . . 'The general business of the legislative power is to establish laws for individuals, not for the sovereign; and, when the rights of the Commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied.' "

Order affirmed.