## Licensing State Employes

KANE, *Attorney General*, October 7, 1975—You have requested our opinion on the question of whether or not employes of the Department of Revenue who perform electrical services on behalf of the Commonwealth in the City of Harrisburg, Pa., are required to comply with the licensing provisions contained in City Ordinance No. 11 of 1974, signed July 10, 1974 ("ordinance"). You have also inquired as to whether or not the Commonwealth is required to pay the licensing fees for electricians according to the fee schedule set forth in the ordinance. It is our opinion, and you are so advised, that an employe of the Department of Revenue who performs electrical work in the City of Harrisburg on behalf of the Commonwealth is not subject to the licensing provisions of the ordinance. As to the license fees, since the Commonwealth is not subject to the ordinance, it is not required to pay the license fees.

As there is no specific provision in ordinance no. 11 which states that its provisions apply to State employes or the Commonwealth, it is necessary to refer to section 1703.14(1) of the ordinance in order to determine who is subject to its provisions. This section contains not only a statement of proscribed conduct, but also, more importantly, points out to whom the proscriptions apply.

"No *person* shall engage in the performance of electrical work in the City of Harrisburg either on his own behalf or on the behalf of *another person* without first obtaining a license from the Bureau." (Emphasis supplied.)

It is clear from the language of the above-quoted section that the ordinance applies to "persons" and that a State employe who performs work on behalf of the Commonwealth of Pennsylvania, through the Department of Revenue, is not required to obtain a license unless the Commonwealth is considered a "person" within the meaning of section 1703.14(1). As the analysis below indicates, the term "person" does not include the Commonwealth, and, therefore, a State employe who performs electrical work in the City of Harrisburg on behalf of the Commonwealth need not first obtain an electrician's license from the Bureau of Code Enforcement.

The question of whether or not the term "person" includes the Commonwealth was dealt with in Baker v. Kirschnek, 317 Pa. 225, 176 A. 489 (1935). In Baker it was argued that the Commonwealth, through the Liquor Control Board, was prohibited from establishing a store for the sale of liquor in the Borough of Media, Pa., because of a borough statute which provided that no "person" should sell vinous, spirituous or other intoxicating liquors within the limits of the borough. In rejecting this argument, the court quoted the following statement from Jones v. Tatham, 20 Pa. 398, 411 (1853):

"Words of a statute applying to private rights do not affect those of the state. This principle is well established, and is indispensable to the security of public rights. The general business of the legislative power is to establish laws for individuals, not

for the sovereign; and, when the rights of the Commonwealth are to be transferred or affected, the intention must be plainly expressed or necessarily implied."

In addition to the above legal authority, the court in Baker, also relied on the general rule of statutory construction that words are to be taken in their ordinary sense, unless from a consideration of the whole act it appears that a different meaning was intended, and concluded, in view of this rule of statutory construction, that the word "person" does not, in its ordinary or legal signification, embrace a state or government. See also Petition of City of Pittsburgh, 376 Pa. 447, 103 A. 2d 721 (1954); Statutory Construction Act of December 6, 1972, P.L. 967 (No. 290), 1 Pa.C.S. §1991.

Even if the ordinance in question did include a specific provision designed to apply to State employes or to the Commonwealth, the ordinance would, nevertheless, not apply. With regard to ordinances, the general rule has always been that, in the absence of a statute to the contrary, public property used for public purposes is exempt from taxation and no express exemption law is needed: Commonwealth v. Erie Metropolitan Transit Authority, 444 Pa. 345, 281 A. 2d 882 (1971); Commonwealth v. Dauphin, 335 Pa. 177, 6 A. 2d 870 (1939). This reasoning applies to licensing ordinances as well. See Philadelphia v. SEPTA, 8 Pa. Commonwealth Ct. 280, 289, 303 A. 2d 247 (1973).

In view of the above, you are advised that a State employe who performs electrical work in the city of Harrisburg on behalf of the Commonwealth is not subject to the provisions of ordinance no. 11. As to the license fees, since the Commonwealth is not subject to the ordinance, it follows that the Commonwealth is not required to pay such fees.