PAMELA A. AND MICHAEL F. KOVACEVIC, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kovacevic v. Commissioner
Docket No. 10269-91
United States Tax Court
T.C. Memo 1992-609; 1992 Tax Ct. Memo LEXIS 643; 64 T.C.M. (CCH) 1076; October 14, 1992, Filed *643 Decision will be entered under Rule 155. For Michael F. Kovacevic, pro se. For Respondent: Donna J. Pankowski. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioners' Federal income tax for tax year 1988 in the amount of $ 6,324.18 and for tax year 1989 in the amount of $ 975. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in Beaver Falls, Pennsylvania, when they filed their petition in this case. After concessions, the remaining issues are: (1) Whether respondent properly disallowed all but $ 1,735.96 of the $ 9,951.31 which petitioners claimed as a deduction for taxes on Schedule C for 1988; (2) whether petitioners are entitled to claim a deduction for taxes in an amount in excess of the $ 7,660.82 which was deducted on Schedule C for 1989; (3) whether petitioners *644 are entitled to a deduction for depreciation on Schedule C for 1988 and, if so, in what amount; and (4) whether petitioners are liable for additional taxes in the amounts of $ 275.90 for 1988 and $ 975 for 1989 due to premature distributions from qualified plans. In October 1984, petitioner Pamela A. Kovacevic (Mrs. Kovacevic) purchased a travel agency known as Tri-State Travel (Tri-State), which she operated as a sole proprietorship on the cash method of accounting. The $ 95,000 purchase price for this business was allocated as follows: $ 65,000 to equipment, $ 15,000 to a 3-year covenant not to compete, and $ 15,000 to goodwill. In 1984, Mrs. Kovacevic purchased a computer for use in the business at a price of $ 2,718.28. The Schedule C deductions in issue in the case are deductions pertaining to this travel business. Petitioner Michael F. Kovacevic (hereinafter referred to as petitioner) is an engineer who lost his job at Babcock & Wilcox when the company went out of business. In 1988, petitioner received a distribution of $ 2,759.21 from the Babcock & Wilcox Thrift Incentive Plan, of which $ 1,122.21 represented taxable income to him, and he reported it as such. In 1989, *645 petitioner withdrew $ 9,747.36 from an individual retirement account and reported the entire distribution as taxable income. He did not pay the 10-percent additional tax for premature withdrawals from qualified plans. Petitioner has suffered from severe depression for several years and was hospitalized twice, in 1986 and 1987, for depression. He currently takes medication and is under continuing medical care. In preparing their 1988 and 1989 Federal income tax returns, petitioner and Mrs. Kovacevic employed a return preparer who was preparing returns in defiance of a court order barring him from this activity. A. Schedule C Deductions for Taxes: Tax Years 1988 and 1989
Respondent disallowed claimed deductions for taxes in 1988 and 1989 for lack of substantiation. Petitioner's position is that he is entitled to the full deduction as claimed on the return for 1988 and to an additional deduction for taxes for Tri-State for 1989. Petitioner raised the issue of an increased deduction for taxes for 1989 at trial. Respondent's determinations in the notice of deficiency are presumed to be correct. Petitioner has the burden of proving them to be erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *646 Section 164(a) allows a deduction for State and local taxes paid or accrued during the taxable year. An employer may deduct the employer's portion of the Federal Insurance Contributions Act (FICA) taxes, sec. 3111, and the employer's portion of the Federal Unemployment Tax Act (FUTA) taxes, sec. 3301. An employer may also deduct payments to the Pennsylvania Unemployment Compensation Fund, as these constitute a State excise tax on the privilege of having employees. Petition of Pittsburgh, 376 Pa. 447, 103 A.2d 721 (1954). In the notice of deficiency, respondent allowed $ 1,735.96 of the $ 9,951.31 claimed as a deduction for taxes paid during tax year 1988 by Tri-State. Respondent's position after trial is that Tri-State has documented deductible taxes in the amount of $ 3,736.93 for 1988, comprised of FICA and FUTA taxes in the amount of $ 1,039.03 and payments to the Pennsylvania Unemployment Compensation Fund in the amount of $ 2,697.90. Petitioner was instructed at trial to provide documentation of his claimed deductions and has failed to do so. Petitioner bears the burden of proof and has provided no evidence on which to base *647 a decision on this issue. Respondent's determination is consequently upheld. Petitioners are entitled to deduct taxes of $ 3,736.93 for 1988. On Schedule C attached to their 1989 Federal income tax return, petitioners claimed a deduction for taxes in the amount of $ 7,660.82. In respondent's notice of deficiency, no adjustment was proposed concerning this deduction. Petitioner maintains that he, in fact, understated this deduction. The burden of proof is on petitioner to demonstrate that he is entitled to any additional deduction claimed. Respondent's position on brief is that a deduction in the amount of $ 6,592.52 should have been allowed, rather than the full amount claimed. Petitioner has refused to come forward with any evidence on which we might base a decision concerning these expenses. We consequently hold that petitioner has failed to meet his burden of proof and he is not entitled to any additional deduction for taxes. B. Schedule C Depreciation Allowance: Tax Year 1988
Concerning depreciation for 1988, respondent's position is that the total allowance for cost recovery taken for Tri-State during the period of Mrs. Kovacevic's ownership exceeded the available *648 basis in Tri-State's depreciable assets. Petitioner argues that the excess was attributable to pre-opening expenses which were amortized. Petitioner has declined to come forward with documentation of basis and cost recovery deductions on prior years' tax returns. In the agreement signed by Mrs. Kovacevic for purchase of Tri-State, $ 65,000 was allocated to equipment, $ 15,000 to a covenant not to compete for a period of 3 years, and $ 15,000 to goodwill. Goodwill is not depreciable. Initially, respondent challenged the allocation to the covenant not to compete, but conceded this issue on brief. Petitioners purchased a computer for $ 2,718.28. The parties agree that the equipment of the business is 5-year property whose cost is recovered under the accelerated cost recovery system (ACRS). Form 4562, Depreciation and Amortization, for Tri-State Travel attached to petitioners' 1988 Federal income tax return contained no entries except for the amount of $ 10,440 as the ACRS cost recovery deduction. Though petitioner was instructed at trial to furnish information showing how the depreciation deduction was calculated, he has refused to do so. In the notice of deficiency, respondent *649 determined that no depreciation was allowable for 1988 and that $ 11,560 in excess depreciation from prior years should be added to petitioners' income for that year. Respondent conceded on brief that a depreciation deduction of $ 3,291.32 was allowable to Tri-State for 1988. Petitioner bears the burden of coming forward with evidence as to the basis of depreciable property and the amount of prior depreciation claimed. Rule 142(a); Estate of Baron v. Commissioner, 798 F.2d 65 (2d Cir. 1986), affg. 83 T.C. 542 (1984). Petitioner's failure to produce this evidence, to which he alone has access, compels us to conclude that respondent's determination is correct. In a case where taxpayers failed to produce evidence within their control, this Court stated in Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947): The rule is well established that the failure of a party to introduce evidence within his possession and which, if true, would be favorable to him, gives rise to the presumption that if produced it would *650 be unfavorable. This is especially true where, as here, the party failing to produce the evidence has the burden of proof. [Citations omitted.] On the basis of this presumption, we conclude that the information in petitioner's possession was unfavorable to his case, and we uphold respondent's determination that the depreciation allowable to petitioners for 1988 is $ 3,291.32. C. Premature Distribution
The final issue for decision is whether petitioner is liable for a 10-percent additional tax on premature distributions which he received from qualified plans in 1988 and 1989. Section 72(t)(1) provides for a 10-percent additional tax on premature distributions from qualified retirement plans, with exceptions enumerated in section 72(t)(2). In issue here is the exception provided in section 72(t)(2)(A)(iii) for a distribution attributable to the employee's being disabled within the meaning of section 72(m)(7). Petitioner contends that the tax does not apply because he was disabled in 1988 and 1989 due to severe depression, for which he was twice hospitalized and for which he is still under medical treatment. Section 72(m)(7) defines the term "disabled" as follows: *651 For purposes of this section, an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require. The individual must be unable to engage in "the activity, or a comparable activity, in which the individual customarily engaged prior to the arising of the disability". Sec. 1.72-17(f)(1), Income Tax Regs. As an example of a disability, the regulations list "Mental diseases (e.g., psychosis or severe psychoneurosis) requiring continued institutionalization or constant supervision of the individual". Sec. 1.72-17(f)(2)(vi), Income Tax Regs. This regulation makes it clear that an impairment must be expected to last for an indefinite period and must be irremediable for the individual to qualify as disabled. An impairment which is remediable does not constitute a disability within the meaning of section 72(m)(7). An individual *652 will not be deemed disabled if, with reasonable effort and safety to himself, the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in his customary or any comparable substantial gainful activity. [Sec. 1.72-17(f)(4), Income Tax Regs.] Although we accept petitioner's assertion that his ability to earn a living has been diminished by his depression, we find that he has not established that his condition is irremediable. For 1988, petitioner received a Form W-2 from Traco reporting compensation of $ 24,077. (The record is silent concerning the nature of petitioner's employment with Traco.) For 1989, petitioner reported a net loss of $ 959.15 from his engineering business, but gross income of $ 5,0140.88. It is inconsistent with the exigencies of the statutory definition of disability that petitioner was able to earn a salary in 1988 or start an engineering business in 1989. Furthermore, evidence presented by petitioner at trial leads to the conclusion that he did not require continued institutionalization or constant supervision, within the meaning of section 1.72-17(f)(2)(vi), Income Tax Regs.
We hold that *653 petitioner is liable for the 10-percent additional tax on premature distributions from a qualified plan for tax years 1988 and 1989, as provided in section 72(t). Decision will be entered under Rule 155.