## Eberhart v. Philadelphia

*Richard Weisbord,* for plaintiffs.
*Thaddus Bartkowski,* for defendant.

GUARINO, *J.*, December 15, 1976 — This matter comes before the court on petition and rule to show cause why defendant should not be allowed to amend its pleading to include further new matter, the statute of limitations.

Plaintiff's decedent was shot and killed by Philadelphia Police on September 29, 1972. More than one year later, on December 11, 1973, his mother, as his personal representative, filed an action in trespass against the city on the theory of respondeat superior, which embodied, although not in separately identifiable counts, two causes of action, a wrongful death[1] and a survival action.[2]

The wrongful death action, unknown at common law, is subject to a one-year statute of limitation,[3] while the survival action is governed by the two-year statute of limitation, applicable to personal injuries generally: Schenk v. Piper Aircraft Corp., 377 F. Supp. 477 (W.D.Pa., 1974), affirmed 521 F. 2d 1399 (3d Cir., 1975); Stegner, Admr. v. Fenton, 351 Pa. 292, 40 A. 2d 473 (1945). Either because of the format of the complaint or because of inattention, defendant city failed to apperceive and appreciate the two distinct causes of action, and failed to plead the statute of limitations as to the wrongful death action.

A right of a party to amend his pleading is governed by the Rules of Civil Procedure which are to be liberally construed so as to attain a just determination: Pa. R.C.P. 126; Posternack v. American Casualty Co. of Reading, 421 Pa. 21, 218 A. 2d 350

---

1. Act of April 15, 1851, P.L. 669, 12 P.S. §1601.

2. Act of June 30, 1972, P.L. 508, 20 Pa.C.S. §3371, formerly 20 P.S. §320.601 et seq.

3. 12 P.S. §1603.

(1966). Pa. R.C.P. 1033 specifically provides that any party may, at any time by leave of court, amend his pleading. It has long been the law that, in the absence of prejudice, amendment should be liberally allowed (Yentzer v. Taylor Wine Co. Inc., 409 Pa. 338, 186 A. 2d 396 (1962); Posternack v. American Casualty Co., supra; Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963); Kilian v. Allegheny County Distributors, 409 Pa. 344, 185 A. 2d 517 (1962); Berman v. Herrick, 424 Pa. 490, 492, 227 A. 2d 840 (1967)), even where they include new defenses: Yentzer v. Taylor Wine Co., Inc., supra; Posternack v. American Casualty Co., supra.

In challenging defendant's right to the amendment, plaintiff makes two contentions. First, he points out that defendant is bound by his pleading. By his failure to plead the statute of limitations, he elected not to rely upon it as a defense. Under the rules, unless the statute of limitations is pleaded affirmatively under the heading of new matter, it is waived: Pa. R.C.P. 1030. The failing of this argument becomes apparent when we extend it to its logical conclusion. It denies the premise on which it is based: that any party may, by leave of court at any time, amend his pleadings. To say that one is bound by his original pleadings is to deny the rule or change the rule to read that, after filing, the pleading may not be amended.

Her second contention that her right to recovery will be severely curtailed by allowing defendant the defense of the statute of limitations is equally without merit. First, the argument premises that the mere allowance of the amendment slough off her rights under the wrongful death action; the allegations of the statute of limitations must not

only be alleged, but also be proved. Secondly, any amendment almost certainly will have the effect of buttressing the legal position of its proponent and correspondingly weaken the position of the adversary; otherwise it would be purposeless. However, the fact that it ultimately may affect the adversary's cause of action is not sufficient reason to disallow it. See Posternack v. American Casualty Co., supra, 24, 25. Plaintiff's cause suffers no detriment that it would not have suffered had defendant included his defense in his original pleading. In order to give the rule its legally intended meaning, the prejudice that would disallow the amendment must be independent of detriment which flows from the amendment itself; otherwise, no amendments would ever be allowed.

Accordingly, the motion to amend the answer and new matter heretofore filed by the City of Philadelphia is hereby granted.