## Wood v. W.T. Grant Co.

*Mayer Horowitz*, for plaintiffs.
*William Campbell*, for original defendant.
*Donald Sweeney*, for first additional defendant.

*T. E. Byrne, Jr.*, for second additional defendant.
*William Foster*, for third additional defendant.

GUARINO, *J.*, December 2, 1977—This products liability case was filed to recover for personal injuries resulting when a blouse ignited and burned plaintiff-wife. The suit was commenced against W.T. Grant Co., which sold the item to plaintiff. W.T. Grant Co. joined Princess Margaret Sportswear Inc. and Kayser Roth Corporation, the manufacturer of the blouse. In turn, Kayser Roth Corporation joined Manes Fabric Co., Inc., which had supplied the fabric, as second additional defendant. The latter, Manes Fabric Co., joined Alice Mills, Inc., Woodward Baldwin Co., Inc. and Proximity Print Works as third additional defendants. Alice Mills and Woodward Baldwin Co. were the original makers of the fabric, and Proximity Print Works was the dyer. All of additional defendants have answered the complaint of defendant Manes Fabric Co. Proximity Print Works, in new matter, pleaded an additional defense under the Flammable Fabrics Act of June 30, 1953, 67 Stat. 115, as amended, 15 U.S.C.A. §1200(b).

The matter before this court is Alice Mills' petition to amend the answer made to defendant's complaint by adding under the legend "New Matter" the defense provided by the Flammable Fabrics Act, to wit:

"If it should be proved at the trial of this action that Alice Mills, Inc. was involved in any manner in the manufacture or sale of the blouse which is the subject matter of plaintiff's Complaint and upon which her cause of actions is based, said allegation being expressly denied, Alice Mills, Inc. avers that it was working with such materials as a converter,

processor or finisher in performing a contract or commission service for the account of a person subject to the provisions of the applicable chapter of the Flammable Fabrics Act, and that Alice Mills, Inc. did not cause any product, fabric or related material to become subject to the applicable provisions of the Flammable Fabrics Act contrary to the terms of a contract for the commission service and, therefore, the provisions of the Flammable Fabrics Act do not apply to Alice Mills, Inc. in accordance with the exemption set forth in §11(b) of the initial Act, 15 U.S. Code §1200(b)."

Under Pa.R.C.P. 1033,[1] amendments to pleadings are authorized upon leave of court at "any time." This rule is liberally construed to the end of attaining a just determination of the controversy between the parties: Pa.R.C.P. 126; Posternack v. American Casualty Co. of Reading, 421 Pa. 21, 218 A. 2d 350 (1966). Although the party is not entitled to an amendment as an absolute right, our courts have been liberal in allowing them in the absence of prejudice to the non-moving party. See Martin v. National Surety Corp., 437 Pa. 159, 262 A. 2d 672 (1970); Kilian v. Allegheny County Distributors, 409 Pa. 344, 185 A. 2d 517 (1962); Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963); Berman v. Herrick, 424 Pa. 490, 492, 227 A. 2d 840 (1967).

---

1. Rule 1033—"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

There is no showing in this case that allowing the amendment will result in any prejudice to defendant Manes Fabric Company, Inc. To be sure, the amendment will have the effect of improving the position of its proponent and to some degree impoverish the position of the defendant Manes Fabric Company, Inc. It stands to reason that if the amendment did not ameliorate the position of the pleader, it would not be offered. If we read Rule 1033 by giving it the plain unequivocal meaning which the language imputes,[2] the prejudice that would impel the court to disallow the amendment must be other than that which naturally flows from the mere allowance of the amendment. For a court to disallow an amendment, the resulting detriment must be independent of the allowance. Otherwise, no amendment could ever be allowed. See Kuramarohit, et al. v. Turner, 1 PICO 135 (1977).

Defendant Manes' contention that the allowance of the proposed amendment is violative of the proscription of Pa.R.C.P. 1026, which in essence provides that all responsive pleadings must be filed within 20 days of the service of a prior pleading, has absolutely no merit.[3] The Pennsylvania Rules of Civil Procedure were meant to be consistent with one another and are to be so interpreted. Pennsylvania Rule of Civil Procedure 1026 does not purport to say that one who has filed a responsive pleading

---

2. Pa.R.C.P. 127—"When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded. . . . "

3. Pa.R.C.P. 1026—"Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no responsive pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."

to a preceding one may not ever amend it by reverting to the Pa.R.C.P. 1033, which permits amendments by leave of court. All that Rule 1026 states and stands for is that a party intending to file a responsive pleading must file it within 20 days from the service of the preceding pleading to which it corresponds. The consequences of failing to file a responsive pleading or making a responsive answer; where one is indicated, are not governed by Rule 1026, but by Rule 1029: "A responsive pleading shall admit or deny the averments of fact in the preceding pleading. . . . " Id (a); "Averments in a pleading to which a responsive pleading is required are admitted when not denied. . . . " Id (b). Rules 1026, 1029 and 1033 must be read as being consistent with one another and interpreted as parts of one whole procedure. The interpretation urged upon us by Manes would throw this harmony out of kilter. As interpreted by defendant Manes, Rule 1026 renders Rule 1033 nugatory—an absurdity which we will not indulge.

Accordingly, leave is granted to Alice Mills, Inc. to amend its answer and new matter to include the defense under the Flammable Fabric Act.