Sharyn L. Borgen *v.* Fort Pitt Museum Associates, Inc., a corporation and Keystone Fireworks Mfg. Co., Inc. and City of Pittsburgh and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Louis G. Royston, Jr., *v.* Fort Pitt Museum Associates, Inc., a corporation, and Keystone Fireworks Manufacturing Co., Inc., a corp. and City of Pittsburgh and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Margaret A. Scott *v.* Fort Pitt Museum Associates, Inc. a corporation and Keystone Fireworks Mfg. Co. Inc., a corp. and City of Pittsburgh and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

208

Argued March 12, 1984, before Judges ROGER, PALLADINO and BARBIERI, sitting as a panel of three.

*Frank J. Micale,* Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman,* Attorney General, for appellant.

No appearance for appellees.

OPINION BY JUDGE ROGERS, June 13, 1984:

Three trespass actions were commenced in the Court of Common Pleas of Allegheny County against Fort Pitt Museum Associates, Inc. (Fort Pitt) by persons claiming injuries as a result of an explosion of a ceremonial cannon fired by the Royal American Regiment at Point State Park in Pittsburgh on August 9, 1981. The plaintiffs allege that Fort Pitt created and sponsored the Royal American Regiment whose careless firing of the cannon caused their injuries.

Fort Pitt joined the City of Pittsburgh as an additional defendant in each action alleging that the city was in possession of, and had care, custody and control of the park pursuant to an agreement with the Commonwealth of Pennsylvania.

The City joined the Commonwealth in each action as an additional defendant alleging in its third party complaint that the plaintiffs' injuries were the result of the Commonwealth's failure to safely maintain the park or control the activities of the original defendant.

The Commonwealth in each action filed an answer and new matter denying that it had sole ownership, possession, custody and control of the park and raising the defense of sovereign immunity.

After all of the pleadings seemed to have been filed, the Commonwealth filed motions to amend its answers and new matter in each action by interposing a defense based on the Recreation Use of Land and

Water Act, Act of February 2, 1966, P.L. 1860, 68 P.S. §477-1, which provides that an owner of land owes no duty to keep his property safely for the use of others for recreation purpose or to warn them of dangerous conditions. One of the plaintiffs opposed the amendment. The court of common pleas by opinion and order denied the Commonwealth's motion to amend its answer and new matter on the ground that the Act just cited did not afford the Commonwealth a valid defense. The Commonwealth has appealed from the court's order.[1]

The Commonwealth argues that the court acted prematurely in deciding the merits of the issue of the validity of its assertion of a defense based on the Act of 1966 on the occasion of its motions to amend; it contends that the court should have allowed the amendment and decided the question of whether the defense could be interposed at the trial.

In *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 218 A.2d 350 (1966), the Supreme Court held that a trial court erred by denying a motion to amend an answer to raise the defense of res judicata. The Supreme Court stated that:

> It has long been the law in this Commonwealth that an amendment to the pleadings is a matter of judicial discretion. . . . By the same token, it is equally well established that such amendments should be liberally allowed except where surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law.

---

[1] In *Grata v. LaBoccetta*, 425 Pa. 620, 230 A.2d 206 (1967), the Supreme Court held that refusal to permit a defendant to amend his answer to add an additional defense is a final and appealable order since it will exclude the right of the defendant to introduce the defense at trial.

. . . .

On the posture of the present record, it is far from clear whether or not the doctrine of res judicata should be applied. Certainly, the question is not so open and shut as to now permit its determination as a matter of law. The facts need enlargement on this facet of the case, and the only manner in which this can be accomplished is to permit the amendment. (Citations omitted.)

*Id.* at 24, 25, 218 A.2d at 350, 351-352. *See also, Berman v. Herrick,* 424 Pa. 490, 227 A.2d 840 (1967); *John McShain, Inc. v. Cessna Aircraft Co.,* 243 Pa. Superior Ct. 220, 364 A.2d 951 (1976). In both *Berman* and *McShain,* the courts, on the authority of *Posternack,* held that the trial courts had erred by not permitting the defendants to allege collateral estoppel as a defense.

The Supreme Court's holding in *Posternack* was premised on the consideration that the validity of the new defense sought by amendment could not be decided as a matter of law only but that facts were needed which could and should be developed at trial.

In this case, the question of whether the Act of 1966 affords the Commonwealth a defense is a pure question of law—that is, did the Legislature intend that the phrase owner of land used in the Act of 1966 should include the Commonwealth? The trial court therefore properly undertook to decide the question before trial.

Moreover, a definitive decision of the question before trial will avoid the necessity of retrial on this account.

The Commonwealth next argues that the common pleas court erred in its holding that the Act of 1966

did not provide the Commonwealth a defense because the Legislature did not intend the Commonwealth to be included in the phrase owner of land.

Section 1 of the Act of 1966 declares that "[t]he purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." Sections 3 and 4 of the Act provide the following:

3. Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

4. Except as specifically recognized by or provided in section 6 of this act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

(1) Extend any assurance that the premises are safe for any purpose.

(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act of omission of such persons.

Section 6 excepts from the limitation of liability willful or malicious failures to guard or warn against dangerous conditions, uses, structures or activities and injuries suffered where the owner has charged admissions for entry on the land.

We believe that the court of common pleas correctly concluded that the Commonwealth was not meant to be included in the phrase owner of land and that the Commonwealth therefore was not entitled to the defense it sought to interject by amendment of its answer.

Both the stated purpose of the Act of 1966 and the state of the law at the time of enactment belie the contention that the Legislature intended to confer immunity on the Commonwealth. The purpose of limiting liability is explicitly stated in the Act to be that of encouraging owners to make their land available for the recreation of others. Surely the Legislature understood that lands for the Commonwealth are always acquired, and usually held, for the use of the public. It is therefore unlikely that the Legislature meant by enacting the statute at hand to encourage the Commonwealth, whose laws it makes, to permit the people to use Commonwealth property. It is also unlikely that the Legislature, had it desired to confer immunity on the Commonwealth, would do so by such an imprecise, indefinite and indistinct vehicle as a statute limiting the liability of the "owners of land." In addition, as the common pleas court emphasized, the doctrine of sovereign immunity was a bar to suits against the Commonwealth for torts in 1966; it is therefore improbable that the Legislature intended to reinforce that ancient and then firmly entrenched doctrine by means of a statute enacted for the purpose of encouraging landowners to make their properties available for the recreation of others.

Also, the rule of the cases is that the word person in a statute will not be construed to include the sovereign state or federal government. *Pittsburgh Petition*, 376 Pa. 447, 103 A.2d 721 (1954); *United States of America v. Board of Finance and Revenue*, 369 Pa.

386, 85 A.2d 156 (1951). The phrase owner of land, as the word person, is general. Indeed, the court in *Pittsburgh Petition* cited *Jones v. Tatham,* 20 Pa. 398 (1853), as authority for its holding. In *Jones* the question was whether a statute conferring on a canal company the right to enter the land of a nonconsenting owner gave the company right of entry on land of the Commonwealth. The Supreme Court held that the Legislature did not so intend, writing that "[t]he general business of the legislative powers is to establish laws for individuals, not for the sovereign." *Id.* at 411.

We therefore affirm the order of the trial court refusing the Commonwealth leave to amend its Answer and New Matter.

### Order

And Now, this 13th day of June, 1984, the order of the Court of Common Pleas of Allegheny County of September 20, 1983, denying the Commonwealth's motion to amend its answer and new matter is hereby affirmed.

---

Dissenting Opinion by Judge Palladino:

I respectfully dissent.

The issue in this case is whether the court of common pleas abused its discretion by denying a motion to amend the pleadings on the basis of the merits of the proposed defense. The decision to grant or deny an amendment to the pleadings is a matter of judicial discretion. An examination of Pennsylvania cases addressing this issue reveals that a denial of an amendment is justified (1) if surprise or prejudice would result; (2) if the amendment is against a positive rule of law. *Posternack v. American Casualty Company of Reading,* 421 Pa. 21, 218 A.2d 350 (1966);

*Tanner v. Allstate Insurance Co.,* Pa. Superior Ct. , 467 A.2d 1164 (1983).

The Commonwealth moved to amend its pleadings to avail itself of the immunity provisions granted to owners of land in the Recreation Use of Land and Water Act (Recreation Act).[1] In our judgment, this case does not fall within the scope of either reason set forth in *Posternack* for denying an amendment to the pleadings. Allowing the amendment would not result in unfair surprise or prejudice to the plaintiffs in this case (Appellees),[2] and there is no settled positive rule of law concerning the applicability of the Recreation Act to the Commonwealth as an "owner of land." The issue of whether the Recreation Act applies to the Commonwealth has never been addressed by an appellate court, and in his opinion below, Judge WETTICK noted that of courts of common pleas which have, two held the provisions of the Recreation Act inapplicable to the Commonwealth and one has held that the Act does apply to the Commonwealth.

Given the lack of appellate precedent on this issue, and the split of common pleas precedent, the court below erred in passing on the merits of the proposed defense, in the context of a petition for leave to amend. When a court makes a determination that a particular defense has no merit, before it allows the defense to be pleaded, the court is simply offering an advisory opinion on a matter that is not yet in the case. *Commonwealth of Pennsylvania, Department of Transportation v. Bethlehem Steel Corp.,* 486 Pa. 186, 189, 404 A.2d 692, 694 (1979) (MANDERINO, J., dissenting).

---

[1]Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§477-1—477-8.

[2] Only one of the three Appellees opposed the Commonwealth's motion to amend, and that opposition was premised solely on the issue of applicability.

Although the abuse of discretion issue has not been previously addressed by this Court, the Superior Court has firmly held that it is an abuse of discretion for a court to deny an amendment on the basis of the merits of a proposed defense. *Hughes v. Pron,* 286 Pa. Superior Ct. 419, 429 A.2d 9 (1981) ; *Tanner.* This rule applies even when the proposed defense involves a pure question of law.[3] I believe the approach of the Superior Court is correct.

In *Posternack,* the Pennsylvania Supreme Court held that a denial of a motion to amend, based on the merits of the proposed collateral estoppel defense, was an abuse of discretion. This holding was premised on the idea that an error of law must be patently evident on the face of the amendment to justify the denial. The court found in *Posternack* that questions of fact needed to be resolved before disposing of the collateral estoppel defense. Because the collateral estoppel defense could not be disposed of as a patently evident error of law, the court found that it was an abuse of discretion to deny the amendment.

From this holding, the majority has inferred that a court may deny a motion to amend when the question involved is solely an issue of law. This inference is not acceptable. As stated above, an error of law must be patently evident on the face of the amendment in order to justify its denial. Although the instant case involves a pure question of law, the asserted defense is in no way a patently evident error of law. As noted above, the courts of common pleas have split on the applicability issue, and we have found no prior appellate court decision resolving the question.

The court below abused its discretion in denying the amendment on the basis of the merits of the Com-

---

[3] *Tanner* held that it was an abuse of discretion to deny an amendment asserting a statute of limitations defense.

monwealth's proposed defense. I would reverse and remand with an order to the court below to allow the Commonwealth to amend its pleadings and assert the defense of the Recreation Use of Land and Water Act.