Anthony Auresto, Appellant *v.* Commonwealth of Pennsylvania, Department of Environmental Resources and John H. Bitzer and Fred Hesse, Appellees.

Argued January 30, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Edward R. Eidelman, Stamberg & Caplan,* for appellant.

*Victor P. Stabile,* with him, *Peter J. Kramer,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 3, 1985:

Anthony Auresto appeals a Pike County Common Pleas Court order granting the Department of En-

478

vironmental Resources (DER) and John Bitzer's[1] preliminary objections in the nature of a demurrer.[2] We reverse and remand.

Auresto was injured, while riding his snowmobile on a frozen pond, when it struck a protruding tree stump which was concealed by snow. The pond is a designated snowmobile recreational facility owned by DER and maintained by Bitzer.

Auresto's sole contention is that the Commonwealth is not an "owner of land" under Section 3 of the Recreational Use of Land and Water Act (Act),[3] which relieves an "owner of land" of the duty to keep his premises safe for use by others for recreational purposes or to warn of dangerous condition. We agree.

In both *Borgen v. Fort Pitt Museum Associates, Inc.,* 83 Pa. Commonwealth Ct. 207, 477 A.2d 36 (1984), and *Ehehalt v. Nyari O'Dette, Inc.,* 85 Pa. Commonwealth Ct. 94, 481 A.2d 365 (1984), we held that the phrase "owner of land" was not intended to include the Commonwealth. "The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." Section 1 of the Act, 68 P.S. §477-1. The Commonwealth's contention, that the legislature intended to grant it immunity, is belied by the fact that (a) lands of the Commonwealth are always acquired, and usually held, for the use of the public, (b) the legislature would have used a more

[1] Bitzer is a District Forester for DER.

[2] Although Fred Hesse did not raise the preliminary objections in the nature of a demurrer, the action against him (as well as Bitzer) has been stayed pending the outcome of this appeal.

[3] Act of February 2, 1966, P.L. (1965) 1860, *as amended,* 68 P.S. §477-3.

precise phrase than "owners of land" to confer immunity upon the Commonwealth, (c) the doctrine of sovereign immunity already barred suits against the Commonwealth when the Act became effective, and (d) the general phrase "owner of land," just as the word "person," should not be interpreted to include the sovereign state. *Borgen,* 83 Pa. Commonwealth Ct. at 213-14, 477 A.2d at 39.

We hold that the trial court erred as a matter of law in granting DER and Bitzer's preliminary objections in the nature of a demurrer. We reverse and remand this case for further proceedings consistent with this opinion.

### ORDER

The order of the Pike County Common Pleas Court, No. 106-1984 dated April 6, 1984, is reversed and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

Judge WILLIAMS, JR., did not participate in the decision in this case.

———

DISSENTING OPINION BY JUDGE PALLADINO:

I respectfully dissent.

The doctrine of sovereign immunity historically barred all suits against a sovereign, including the Commonwealth of Pennsylvania, unless the sovereign specifically consented to being sued. *See Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978) (discussing the history of the doctrine of sovereign immunity). Prior to the Pennsylvania Supreme Court's decision in *Mayle,* the Pennsylvania Courts consistently held that the doctrine of sovereign immunity was incorporated into the Penn-

480

sylvania Constitution, Article I, Section 11, which provides: "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." *See, e.g., Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973). The *Mayle* Court abolished the historical doctrine of sovereign immunity but held that Article I, Section 11, empowered the General Assembly to enact a statute barring suits against the Commonwealth. *Mayle.*

In response, the Pennsylvania General Assembly enacted the Act of September 28, 1978, P.L. 788, 1 Pa. C. S. §2310 which reaffirmed sovereign immunity as a bar to actions against the Commonwealth and its officials and employees "except as the General Assembly shall specifically waive the immunity." 1 Pa. C. S. §2310. The General Assembly then specifically enacted a limited waiver of the immunity in eight specific categories, Act of September 28, 1978, P.L. 788, *as amended,* 42 Pa. C. S. §§8521-8528 (Sovereign Immunity Act), which provides, in pertinent part:

(a) Liability imposed.—

The General Assembly pursuant to Section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and *only to the extent set forth in this subchapter* . . . sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act *where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.* (Emphasis added.)

42 Pa. C. S. §8522(a).

The statutory language is clear and unambiguous and must be interpreted according to its common usage:[1] the Commonwealth waives the defense of sovereign immunity and is liable for damages if and only if a non-sovereign party would be liable. To the extent, therefore, that the Recreational Use of Land and Water Act, Act of February 2, 1966, P.L. (1965) 1860, *as amended,* 68 P.S. §§477-1—477-8, limits the liability of a private "owner of land", the Commonwealth's liability is similarly limited.

In the cases relied upon by the majority, *Borgen v. Fort Pitt Museum Associates, Inc.,* 83 Pa. Commonwealth Ct. 207, 477 A.2d 36 (1984), and *Ehehalt v. Nyari O'Dette, Inc.,* 85 Pa. Commonwealth Ct. 94, 481 A.2d 365 (1984), this Court did not examine the interplay between the Sovereign Immunity Act and the Recreational Use of Land and Water Act. *Borgen* should not, therefore, control the decision in the case at bar. Nor should *Ehehalt,* which merely relied on *Borgen,* be controlling. Additionally, as I stated in *Borgen,* because of the procedural posture of that case, this Court's decision on the merits was premature and was no more than an advisory opinion. *See* 83 Pa. Commonwealth Ct. at 215, 477 A.2d at 40 (PALLADINO, J., dissenting).

I do not dispute the majority's conclusion, either in the case at bar or in *Borgen,* that the Recreational Use of Land and Water Act does not, *by its own terms,* grant immunity to the Commonwealth. I cannot, however, concur in the majority's total disregard of the clear language and limitations of the waiver of immunity contained in the Sovereign Immunity Act.

---

[1] *See* Act of December 6, 1972, P.L. 1339, §3, 1 Pa. C. S. §§1903, 1921 (b).

I would therefore affirm the order of the Court of Common Pleas of Pike County.

Judge WILLIAMS, JR., did not participate in the decision in this case.