## Heintzelman v. Brushtown Athletic Association Inc.

*Claudia L. DeArment,* for plaintiffs.
*Henry O. Heiser III,* for defendant.

SPICER, *P.J.,* February 3, 1989—This action involves a claim for personal injury and a derivative claim for loss of consortium. In the discussion that follows, we ignore the derivative claim for purposes of simplifying issues. Plaintiffs' complaint states he attended a baseball game on May 28, 1987, at an athletic field maintained by defendant. Although the alleges "the public was invited to attend upon payment of an admission by donation," he does not contend that a charge was levied in exchange for

permission to enter the land at that time. He alleges he hit his head on a board protruding from a ceiling over the bleachers. In paragraph seven, he alleges the distance between the board and the step below was four feet six inches. He sues for injuries resulting from the blow to his head.

Defendant moves for summary judgment under Pa.R.C.P. 1035. Because the file consists only of pleadings, the motion can be more appropriately considered in rule 1034. This will make a difference only if the court determines that plaintiffs should be given an opportunity to amend.

Defendant's motion rests upon the Pennsylvania Recreation Use of Land and Water Act, 68 P.S. §477-1 et seq. The Recreation Act's purpose, as pertinent to this case and stated in section 477-1, is to encourage owners of land to make areas available to the public for recreational purposes by limiting liability toward persons entering thereon for such purposes. Accordingly, the Recreation Act provides that an owner "owes no duty of care to keep the premises safe . . . or to give any warning of a dangerours condition . . . to persons entering for such purposes." Section 477-3. The Recreation Act does not, however, limit liability "for willful or malicious failure to guard or warn against a dangerous condition . . . " Section 477-6.

Plaintiff argues that the Recreation Act does not apply because he was permitted to enter the premises only for the purpose of viewing a particular baseball game. He reads the Reacreation Act, apparently, as requiring unlimited access as a condition of limited liability.

The court cannot agree. The Recreation Act plainly provides that its provisions apply to any person entering another's land for purposes of recreation. Plaintiff definitely fits within this descrip-

tion. Furthermore, Commonwealth Court has held that the Recreation Act applies to a spectator attending a baseball game. *Lowman By and Through Lowman v. Indiana Area School District*, 96 Pa. Commw. 389, 507 A.2d 1270 (1986).

Plaintiff next argues that defendant is not an owner because of the manner in which it is incorporated. The court perceives this argument to be based upon a misapprehension of the definition of "owner" and the holding in *Lowman, supra.*

The Recreation Act, section 477-2(2) defines as follows:

"(2) 'Owner' means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises."

It certainly encompasses an entity which "maintains" a baseball field.

Plaintiff pointed out, at oral argument, the Commonwealth Court granted summary judgment in favor of a lessor-owner, in *Lowman,* but denied judgment in favor of a possessor. While it is true that Commonwealth Court reversed summary judgment in favor of Indiana School District, this action was based upon several grounds not applicable to the case sub judice.

In *Lowman,* an owner leased to a park commission created and funded by several municipalities. A youngster suffered serious injuries from an overthrown ball and sued the fee owner as well as the municipalities. The fee owner moved for summary judgment under the Recreation Act, *supra.* Municipalities based their motions for summary judgment on the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. Commonwealth Court analyzed those latter motions only in light of the Tort Claims Act and held that the exception relating to possession of real estate applied only to Indiana

School District and affirmed summary judgment in favor of other municipalities but reversed as to Indiana.

Obviously, therefore, the decision did not involve directly an interpretation of the Recreation Act, *supra*. Indiana probably limited its motion for judgment to the Tort Claims Act in reliance upon the Commonwealth Court's decision in *Commonwelath of Pennsylvania, Department of Environmental Resources v. Auresto*, 88 Pa. Commmw. 476, 490 A.2d 492 (1985), which held that the Recreation Act did not apply to municipalities. Supreme Court reversed, 511 Pa. 73, 511 A.2d 815 (1986), and Commonwealth Court has since held the Recreation Act does apply. *Kniaz v. Benton Borough,* 112 Pa. Commw. 416, 535 A.2d 308 (1988), citing *Farley v. Township of Upper Darby,* 100 Pa. Commw. 535, 514 A.2d 1023 (1986).

Having concluded that the Recreation Act applies and affords defendant protection, the court turns to the last issue presented. Plaintiff argues that the Recreation Act's exception to willful or malicious failure to warn against a dangerous condition, section 477-6, preserves his cause of action.

A federal district court has said:

"The Pennsylvania Supreme Court has indicated that willful conduct in this context consists of a failure to disclose 'dangerous conditions known to it (the possessor of the premises) and *not likely to be discovered'. Kopp v. R.S. Noonan Inc.,* 385 Pa. 460, 123 A.2d 429 (1956). (emphasis supplied) This formulation of the law is the basis for the court's conclusion in *Hahn v. Commonwealth, supra,* that the Recreation Act had the effect of limiting a landowner's specific duty to persons entering his land for recreational purposes to that duty owed to a gratuitous licensee at common law. Thus, willful-

ness under section 477-6 contains two elements: (1) actual knowledge of a danger (2) that is not obvious to those entering the premises." *Livingston by Livingston v. Pennsylvania Power and Light Company*, 609 F.Supp. 643, (E.D. Pa. 1985), affirmed 782 F.2d 1029.

The complaint's language is couched in terms of negligence and seems squarely to fall within the purview of section 477-3, which absolves an owner of any duty "to give any warning of a dangerous condition."

Based on allegations, even if one could assume that defendant knew of the danger of the low board, one could not also conclude it would not have been likely that plaintiff would have discovered it.

The court concludes, therefore, that defendant is entitled to summary judgment. However, because the issues have been determined solely on the basis of allegations, we will permit amendment of the complaint within 20 days.

## ORDER OF COURT

And now, February 3, 1989, unless plaintiffs file either an amendment to the complaint or an amended complaint within 20 days hereof, summary judgment shall be entered in favor of defendant and against plaintiffs. The amendment will be limited to the issue of willful conduct.