**Buttzville Corp. v. Gulf Oil Corporation of Pennsylvania**

*Steven A. Haber* and *Melvin H. Hess,* for plaintiffs.
*J. Michael Saladik* and *Eugene E. Dice,* for defendants.
*James M. Lillis,* for additional defendant.

GEORGELIS, *J.,* January 26, 1995—Before us is the plaintiffs' petition for leave to amend complaint, which seeks, inter alia, to add a cause of action under the Storage Tank and Spill Prevention Act, 35 P.S. §6021.101 et seq., and which raises an issue of first impression as to the statute of limitations for a private action under the STSPA. The petition will be granted in part and denied in part. The facts relevant to its disposition are the following.

The complaint alleges causes of action for negligence, breach of contract, trespass and waste, indemnity, trespass, and nuisance, arising out of the petroleum contamination of the plaintiffs' property from the operation of two automotive service stations. The complaint was filed in July of 1991, and, after an involuntary petition in bankruptcy had been filed, it was removed to the bankruptcy court in December of 1991. In August of 1993, the bankruptcy court remanded the case, and the discovery process has been underway since that time. We have already addressed discovery and other pre-trial matters in a preliminary conference on September 29, 1994.

In their petition, the plaintiffs seek to: (1) state a cause of action under the STSPA against all of the defendants and the additional defendant; (2) add the defendants, G. Patrick Stillman, Beulah R. Stillman and Oregon Properties Inc., to the negligence and indemnity counts and the additional defendant to the neg-

ligence, indemnity, trespass, and nuisance counts; and (3) identify the plaintiff as Buttzville Corp., t/a Triangle Center Associates. The defendants, Mobil Oil Corporation and Socony Mobil Company Inc., do not oppose the petition, but the defendants, G. Patrick Stillman, Beulah R. Stillman and Oregon Properties Inc., and the additional defendant have filed briefs opposing it. The plaintiffs' effort to amend their identification is unopposed.

We will address the new cause of action first. The most significant argument presented in opposition to allowing an amended complaint to include such a cause of action is that the statute of limitations for it has expired. The plaintiffs contend that the STSPA provides a 20 year limitation and that, until *Centolanza v. Lehigh Valley Dairies Inc.,* 430 Pa. Super. 463, 635 A.2d 143 (1993), a private cause of action was not available under the STSPA. We do not agree with this latter contention.

Authorization for a private action under the STSPA, which was effective August 6, 1989, is provided in its section 6021.1305(c), which provides, in part, that "any person having an interest which is or may be affected may commence a civil action on his behalf to compel compliance with this act." Even though we agree with the plaintiffs that our Superior Court in *Centolanza* identified the availability of a private action under the STSPA as an issue of first impression and that it held that such an action is available (*Id.* at 469, 473, 635 A.2d at 145, 147), we do not accept their position that they were unaware such an action could be brought before *Centolanza* was decided.

In *Centolanza,* to decide that the STSPA allows a private action, the Superior Court quoted several pertinent sections of the STSPA, including section 6021.1305(c), and stated established principles of statu-

tory construction and of determining legislative intent. It then summarily concluded that the STSPA allows private actions. We interpret the omission of any analysis to mean that there was no need for it, because of the very clear language of section 6021.1305(c).

We find the language of section 6021.1305(c) to be clear and free of any ambiguity, and we believe that the plaintiffs should have been able to use it to include a cause of action under the STSPA in their complaint in 1991. If such a cause of action were challenged, the plaintiffs could have awaited the adjudication of the issue, as the litigants in *Centolanza* did.

However, we do agree with the plaintiffs' contention that the STSPA provides a 20 year statute of limitations for private actions. We believe that the issue of the statute of limitations for a private action under the STSPA is one of first impression. The limitation on action provision of the STSPA is in section 6021.1314, which provides as follows:

"The provisions of any other statute to the contrary notwithstanding, actions for civil or criminal penalties under this act may be commenced at any time within a period of 20 years from the date the offense is discovered."

Section 6021.1306, criminal penalties, provides that any violation of the STSPA can constitute a summary offense or a misdemeanor of the second or third degree and provides criminal penalties for them. Section 6021.1307, civil penalties, permits the assessment of a civil penalty for any violation of the STSPA.

The parties who oppose the amendment to the complaint contend that the 20 year limitation in section 6021.1314 applies only to actions for criminal or civil penalties under sections 6021.1306 and 6021.1307, but the plaintiffs contend that, because the General As-

sembly mandated that the STSPA be liberally construed to protect the public health, welfare and safety, the 20 year limitation must be applied to private causes of action as well.

We agree that section 6021.1314 clearly states that actions for civil or criminal penalties must be commenced in 20 years of an offense, but we do not believe that the General Assembly intended the 20 year limitation to apply only to the penalties of sections 6021.1306 and 6021.1307. We agree with the plaintiffs that section 6021.1314 must be construed more liberally than that.

In determining that there was a need to regulate storage tanks and their contents, the General Assembly found that the Commonwealth's natural resources were being contaminated by releases and ruptures of regulated substances from both active and abandoned storage tanks and declared that these storage tank releases constituted a threat to the public health and safety of the Commonwealth, justifying its exercise of power to prevent the occurrence of such releases through the establishment of a regulatory scheme for the storage of regulated substances in new and existing storage tanks. See 35 P.S. §6021.102. It then provided that the STSPA "shall be liberally construed in order to fully protect the public health, welfare and safety of the residents of this Commonwealth." 35 P.S. §6021.109.

Section 6021.1305(c) allows private actions to compel compliance with the STSPA, and any such action would be filed, obviously, only if a violation of the STSPA is alleged. Sections 6021.1306 and 6021.1307 provide criminal and civil penalties for any such violation. Accordingly, we find it logical to assume that the General Assembly intended the 20 year limitation for the "civil or criminal penalties" mentioned in section 6021.1314

to apply to private actions, especially since the STSPA provides no other limitation on actions and since the General Assembly intended the STSPA to be liberally construed to fully protect the health, welfare and safety of Pennsylvania's residents.

There are other reasons why we believe that the 20 year limitation applies to private actions. In *Centolanza v. Lehigh Valley Dairies, supra,* the Superior Court, in arriving at the conclusion that the STSPA does provide for a private cause of action to compel compliance, held that "the measures and recoveries available to DER are equally available in a private action." *Id.* at 475, 635 A.2d at 149. In addressing the issue of the availability of the STSPA's statutory presumption in private actions, it held that "because an action by a private person is no different than one brought by the Commonwealth under the act, the presumption is equally available in a private action." *Id.* at 476, 635 A.2d at 149. Finally, in finding that a violation of the STSPA can serve as evidence in a claim of negligence per se, it held that, "because private actions are authorized under the act, the STSPA contemplated the protection of the individual, as well as the public at large." *Id.* at 479, 635 A.2d at 150.

We believe these holdings in *Centolanza* are an effort by the Superior Court to avoid differentiating a private action from one brought by the Commonwealth under the STSPA. As such, we read them as providing guidance on how the Superior Court would deal with the statute of limitations issue before us. Based on the effort to avoid differentiating between a private and a Commonwealth action, we believe it would hold that the 20 year limitation applies to both.

Finally, we find it nonsensical that the General Assembly intended that an action by the Commonwealth

must be brought within a 20 year period but that a private action would be governed by the two year statute of limitations, which is provided in 42 Pa.C.S. §5524(4) for actions for waste or trespass of real property, as the additional defendant contends. We do not believe that a two year limitation for a private action under the STSPA would protect the health, welfare and safety of Pennsylvania's residents as fully as the General Assembly intended. For all these reasons, we conclude that the STSPA provides a 20 year statute of limitations for a private action.

This conclusion renders moot the additional defendant's prejudice argument, which is based on the STSPA's section 6021.1311, which creates a rebuttable presumption of liability for the owner or operator of a storage tank. That is, with our conclusion regarding the 20 year statute of limitations, the plaintiffs could commence a separate action, which would subject the defendants and the additional defendant to that presumption. As to the additional defendant's argument that it is not an owner or operator, as defined by the STSPA, we believe that is a matter to be resolved other than in the petition before us. For all of these reasons, we will grant the plaintiffs leave to amend their complaint to include a cause of action under the STSPA.

We turn now to the plaintiffs' effort to add the Stillmans and Oregon to the negligence and indemnity counts and the additional defendant to the negligence, indemnity, trespass, and nuisance counts. The Stillmans and Oregon have been identified as defendants in the trespass and nuisance counts. In the trespass count, it is alleged, inter alia, that: (1) they owed the plaintiffs a duty to prevent the contamination and to clean it up; (2) their actions and inactions, which resulted in

the contamination, were "negligent, grossly negligent, reckless and/or intentional;" and (3) they, as a result, breached their duty to the plaintiffs. These are the identical allegations contained in the negligence count, asserted against other defendants but not the Stillmans and Oregon. Without commenting on the sufficiency of the pleadings in either the negligence or trespass counts, we see no harm in permitting the plaintiffs to add the Stillmans and Oregon to the defendants identified in the negligence count, since the allegations against them in the trespass count are no different than the allegations in the negligence count.

As to the indemnity count, it simply seeks indemnification for all of the costs and expenses arising out of the contamination and its cleanup, which is exactly what is contained in the ad damnum clauses of all of the other counts, including those already asserted against the Stillmans and Oregon. Accordingly, we see no harm in permitting the plaintiffs to add the Stillmans and Oregon to the indemnity count as well.

Our appellate courts, in interpreting Pa.R.C.P. 1033, which allows the amendment of pleadings, have held that the right to amend a pleading is a matter of judicial discretion and should be liberally granted at any stage of a proceeding, unless it constitutes surprise which results in prejudice to an adverse party or unless the granting thereof constitutes an error of law. See *Berman v. Herrick,* 424 Pa. 490, 492, 227 A.2d 840, 841 (1967). For the reasons stated in the two preceding paragraphs, we do not believe that allowing the plaintiffs to add the Stillmans and Oregon to the negligence and indemnity counts, as they are currently asserted, would result in any prejudice to the Stillmans and Oregon or would create an error of law. Accordingly, we will permit the plaintiffs to amend their complaint to include

those defendants in those two counts, but we direct the plaintiffs that they may not alter the existing allegations of the negligence and indemnity counts, other than is necessary to conform them to the addition of these defendants.

As to the plaintiffs' effort to add the additional defendant to the negligence, indemnity, trespass, and nuisance counts, we note, that the complaint makes it clear that the statutes of limitations for those counts have expired. Consequently, we believe that allowing the plaintiffs to assert those causes of action against the additional defendant would result in significant prejudice to it and would constitute an error of law, *i.e.,* allowing causes of action beyond the expiration of the statutes of limitations. See *Berman, supra.* The plaintiffs must be left, as to the additional defendant, with whatever rights the joining complaint creates for them. We will not permit the plaintiffs to assert causes of action in negligence, indemnity, trespass, and nuisance against the additional defendant.

Finally, the plaintiffs seek to amend their identification to reflect a change in the ownership of Triangle Center Associates. As we noted above, there is no opposition to this change, and we will, therefore, permit an amendment to reflect the plaintiff as Buttzville Corp., t/a Triangle Center Associates.

Accordingly, we enter the following:

## ORDER

And now, January 26, 1995, for all of the reasons stated in the foregoing opinion, the plaintiffs' petition for leave to amend complaint is granted in part and denied in part. The plaintiffs are granted leave to file an amended complaint to: (1) state a cause of action under the Storage Tank and Spill Prevention Act against

all of the defendants and the additional defendant; (2) state causes of action in negligence and indemnity against the defendants, G. Patrick Stillman, Beulah R. Stillman and Oregon Properties Inc.; and (3) identify the plaintiff as Buttzville Corp., t/a Triangle Center Associates. They are denied leave to file an amended complaint to state causes of action in negligence, indemnity, trespass, and nuisance against the additional defendant. The amended complaint, as permitted herein, must be filed no later than February 17, 1995.